<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DIRK J. VANDER STERRE. | Criminal Action No. 15-441 (MAS)<br><br>**MEMORANDUM ORDER** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant Dirk J. Vander Sterre's ("Defendant") Motion for Early Termination of Probation pursuant to 18 U.S.C. § 3583(e). (ECF No. 23.) The United States of America (the "Government") opposed the Motion. (ECF No. 24.) The Court has considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, Defendant's Motion is denied.

**I.     BACKGROUND**

On September 3, 2015, Defendant pled guilty to a five-count information charging him with tax evasion in violation of 26 U.S.C. § 7201. (*See* Information, ECF No. 1; *see also* Plea Agreement, ECF No. 6.) Under the terms of his plea agreement, Defendant agreed to "waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." (Plea Agreement 4.) The parties also stipulated in the plea agreement that "the total [g]uidelines offense level applicable to [Defendant] is 15 . . . ." (*Id.* at 9, ¶ 7.) In short, Defendant voluntarily

waived "the right to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range. . . from the total Guidelines offense level of 15." (*Id.* at 9-10.)

There is no dispute that Defendant voluntarily and knowingly executed the plea agreement. (Plea Hearing 19:1-10, ECF No. 8.) During the plea hearing, as required by Federal Rule Criminal Procedure 11(b)(1)(N), the Court asked Defendant whether he was aware of the waiver provision contained in the plea agreement and Defendant agreed. (*Id.* at 13.) The relevant portion of this exchange reads as follows:

> THE COURT: Do you also understand that in the absence of a waiver, you have a right to file a collateral challenge of your conviction under 28 U.S.C. 2255 if you believe that there has been an error?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Do you understand that by pleading guilty, you're automatically waiving your right to appeal any errors that occurred before your entry of this guilty plea, including any rulings on any pretrial motions that you may have filed?
>
> THE DEFENDANT: Yes, your Honor.

(*See id.* at 13:2-12.)

On October 1, 2021, Defendant was sentenced to three years' probation with special conditions. (J. 2, ECF No. 17.)[1] In so doing, this Court substantially departed from the sentencing guidelines range of imprisonment of 18 to 24 months because, in part, the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. (*See*

---

[1] Defendant was also ordered to pay a $20,000 fine and a $500 special assessment. (J. 1, 5.)

Sentencing Hearing Trans. at 4:12 to -10:10, ECF No. 18.) Defendant's term of probation commenced that same day and is scheduled to terminate on October 1, 2024. (Def.'s Moving Br. ¶¶ 1, 6, ECF No. 23; Gov't's Opp'n Br. 1-2.)[2]

The parties do not dispute that Defendant has already completed over two of the three years of his term of probation. (Def.'s Moving Br. ¶ 6; Gov't's Opp'n Br. 1-2.) The parties further agree that, to date, Defendant has satisfied all of his financial obligations and complied with all conditions of probation. (Def.'s Moving Br. ¶¶ 2-4; Gov't's Opp'n Br. 1-2.)

On December 8, 2023, Defendant moved for early termination of probation based on his substantial compliance with the probation conditions.[3] (*See generally* Def.'s Moving Br. ¶¶ 15, 20.) The Government opposed asserting that Defendant has waived his right to file this motion based on the waiver provision in his plea agreement. (ECF No. 6; *see also* Gov't's Opp'n Br. 2-3.)

---

[2] Eleven months into his probationary sentence, Defendant moved to modify the sentence to permit him to travel domestically and internationally for business purposes upon notice to the United States Office of Probation (ECF No. 19), which the Court granted without objection (ECF No. 20). On or about December 13, 2022, Defendant was transferred to the Southern District of Florida. (Gov't's Opp'n Br. 1.)

[3] The Government does not dispute that Defendant: (1) has met all of his supervision conditions; (2) has satisfied his financial conditions; and (3) is being monitored by the Southern District of Florida's Low Risk Caseload, the District's least restrictive form of supervision. (Gov't's Opp'n Br. 1-2.)

3

## II. **DISCUSSION**

At issue is whether the waiver provision in Defendant's plea agreement precludes Defendant from filing the instant Motion for Early Termination of Probation.[4] The Government contends that pursuant to *United States v. Damon*, 933 F.3d 269, 275 (3d Cir. 2019)—where, as here, a defendant agreed in his plea agreement to waive the right to file an appeal or a collateral attack challenging the sentence imposed—the waiver includes a motion to terminate probation. (Gov't's Opp'n Br. 2.) The Court agrees that Defendant has waived his right to seek early termination of his probation term.

The Court finds two Third Circuit cases particularly instructive here, which, in effect, bar the instant motion. First, in *United States v. Laine*, the defendant signed a plea agreement stating that he would not collaterally attack his conviction or sentence. 404 F. App'x 571, 573 (3d Cir. 2010). The plea agreement in *Laine* was similar to the one executed by Defendant, as it included specific motions that were waived and also included catch-all language. *Id.* As in this case, the district court in *Laine* downwardly departed from the guidelines range in imposing a sentence. *Id.* at 572. Upon serving two of the three years of his supervised release term, the Laine defendant filed a motion to terminate his supervised release under 18 U.S.C. § 3583(e).

---

[4] The parties do not dispute the enforceability of the waiver provision in the plea agreement. (*See generally* Def.'s Moving Br.; Gov't's Opp'n Br.) That said, this Court finds that the waiver is enforceable because: (1) it was entered knowingly and voluntarily; and (2) the enforcement of the waiver does not result in a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001). As stated, *supra*, at the guilty plea colloquy, this Court reviewed the respective waiver provisions with Defendant, and Defendant indicated that he understood that he was waiving his rights to file an appeal or collaterally attack his sentence. (*See* Plea Hearing 13:1-12.)

4

*Id.* The defendant asserted that he fully complied with the terms of his supervised release and that there was no further need to supervise him. *Id.* The district court denied the motion. *Id.*

Upon appeal, the Third Circuit affirmed the district court's holding and determined that the waiver in the plea agreement precluded the Laine defendant from seeking early termination of his supervised release. *Id.* 573. Specifically, the Third Circuit agreed that the "duration, as well as the conditions of supervised release were components of a sentence . . . [and] by waiving his right to a direct appeal, [the defendant] waived his right to challenge the duration of his term of supervised release." *Id.* (quoting *United States v. Goodson*, 544 F.3d 529, 538 (3d Cir. 2008)). In other words, the defendant waived his right to challenge both the conditions and the term of his supervised release. *Id.* (quoting *United States v. Goodson*, 544 F.3d 529, 538 (3d Cir. 2008)).

Second, in a subsequent and precedential decision, *United States v. Damon*, the defendant entered a plea agreement that contained an identical waiver provision at issue here: the defendant agreed to "waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including, but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." 933 F.3d at 270-71. In pleading guilty, the Damon defendant faced 262-327 months' imprisonment under the sentencing guidelines. *Id.* at 271. Upholding its end of the agreement, the Government moved for a downward departure under U.S.S.G. § 5K1.1, which resulted in a sentence of 144 months' imprisonment. *Id.*

After serving his prison term and completing 32 months of of his 60-month supervised release, the Damon defendant moved to terminate the remainder of his supervision. *Id.* at 271.

5

The district court held that the waiver in the plea agreement barred the request and denied the application. *Id.* at 271-72. The Third Circuit affirmed that the defendant waived the right to "challenge" the sentence, if the sentence imposed fell within or below the agreed upon Guidelines range. *Id.* at 274-75.

Here, the waiver in Defendant's plea agreement is nearly identical to the waiver in the *Laine* plea agreement, and is, in fact, identical to the waiver in the *Damon* plea agreement. The plea agreement states that Defendant "voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which *challenges the sentence* imposed by the sentencing court . . . ." (Plea Agreement 9 (emphasis added).) The term "sentence" "unambiguously includes the imposition of a term of supervised release." *Damon*, 933 F.3d at 273 (quoting *United States v. Floyd*, 428 F.3d 513, 516 (3d Cir. 2005)); *see also Goodson*, 544 F.3d at 537-38 (rejecting a defendant's contention "that [a] waiver's use of the term 'sentence' should be construed to mean only the term of incarceration" and holding that "the duration, as well as the conditions of supervised release are components of a sentence.").

For these reasons, the "sentence" imposed on Defendant encompassed the duration of his probation. Like the defendant in *Damon*, Defendant received a sentence below the agreed upon guidelines range. It follows that Defendant's Motion for Early Termination of Probation

under § 3583(e) is barred by the waiver provision in the plea agreement. The Court accordingly denies Defendant's Motion for Early Termination of Probation.[5]

### III.   ORDER

**IT IS THEREFORE,** on this 1st day of April, 2024, **ORDERED** that:

1. Defendant's Motion for Early Termination of Probation (ECF No. 23) is **DENIED**.

                                                                      /s/ Michael A. Shipp
                                                                      MICHAEL A. SHIPP
                                                                      UNITED STATES DISTRICT JUDGE

---

[5] Regardless of the waiver, Defendant's Motion fails on the merits. Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Defendant's reasons for early termination are not sufficient to meet the § 3553 factors. *See Laine*, 404 F. App'x at 572 (denying defendant's motion because, in part, "there was nothing exceptional or unusual about [defendant] having been compliant with the terms of his supervised release"). Defendant offers no proof of changed or extraordinary circumstances; rather his only reasons for early termination are compliance with the terms of probation. While the Court commends Defendant's compliance, mere compliance is not sufficient to warrant early termination. *Id.*; *see also United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.").